## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN R. ORSHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BODYCOTE THERMAL | ) | 1:15CV674 |
| PROCESSING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |


## MEMORANDUM ORDER

Plaintiff John R. Orshal commenced the present action by filing a Complaint

[Doc. #4] in the General Court of Justice, Superior Court Division, Guilford County,

North Carolina on July 13, 2015, against Defendant Bodycote Thermal Processing,

Inc. ("Bodycote").[1]  On August 17, 2015, Bodycote petitioned to remove the

action to federal court based on both diversity and federal question jurisdiction

pursuant to 28 U.S.C. §§ 133, 1332, 1367, and 1446.[2] [Doc. #1.]  On September

18, 2015, Bodycote filed an Answer containing eighteen defenses. [Doc. #8.]  In

response, Mr. Orshal filed a Motion for Partial Summary Judgment on the Pleadings

or, in the alternative, Motion for More Definite Statement ("Motion" [Doc. #12]).

_____

[1] Plaintiff's original state court action was 15CVS7160.
[2] The parties in the present action are completely diverse.  Mr. Orshal is a
citizen of North Carolina and Bodycote is a Delaware corporation with its principal
office in Texas.  The amount in controversy exceeds the statutory minimum for
diversity. (Pet. for Removal [Doc. #1] at 2-4.)  In addition, Mr. Orshal's Complaint
contains two federal claims. (Compl. [Doc. #4] at 5-7.)

For the reasons that follow, Plaintiff's Motion [Doc. #12] is GRANTED IN PART, and DENIED IN PART.

## I.

The present action stems from Mr. Orshal's claims that his former employer, Bodycote, unlawfully denied him overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA") and discriminated against him based on his age in violation of the Age Discrimination In Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") and North Carolina public policy as codified in N.C. Gen. Stat. §143-422.2. In its Answer, Bodycote included eighteen defenses which Mr. Orshal calls "boilerplate affirmative defenses" that "state mere conclusions and fail to satisfy the minimum notice pleading standards of Federal Rule of Civil Procedure 8." (Pl.'s Brief [Doc. #13] at 1-2.) Accordingly, Mr. Orshal asks this Court to grant partial judgment on the pleadings, or in the alternative, moves for a more definite statement, with respect to sixteen of the eighteen defenses.[3] (Motion [Doc. #12].) This Motion has been fully briefed [Docs. #13, 15, 20] and is ripe for disposition.[4]

---

[3] In his Brief, Mr. Orshal does not challenge Bodycote's fifteenth defense. However, Mr. Orshal lists Bodycote's eighth defense in his title ([Doc. #13] at 4.), but does not address this defense in the body of his Brief. [Doc. #13.] Bodycote noted that its eighth defense is not challenged ([Doc. #15] at n.2) and Mr. Orshal did not address the eighth defense in his subsequent Reply [Doc. #20]. Therefore, this Court will treat both Bodycote's eighth and fifteen defenses as not challenged.

[4] Filings include Mr. Orshal's Supporting Brief [Doc. #13], Bodycote's Memorandum in Opposition [Doc. #15], and Mr. Orshal's Reply in Response [Doc. #20].

## II.

Federal Rule of Civil Procedure 12(c) allows that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). However, unlike a Rule 12(b)(6) motion, when analyzing a Rule 12(c) motion, the court may consider the Answer as well as the Complaint. Rinaldi v. CCX, Inc., No. 3:05–CV–108, 2008 WL 2622971, at *2 n. 3 (W.D.N.C. July 2, 2008). The motion should be granted only if it appears that the non-moving party cannot prove any set of facts in support of its claim and the claim may be resolved as a matter of law. Priority Auto Group, Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014).[5]

---

[5] In the alternative, Mr. Orshal moves for a more definite statement of the defenses pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed" if the contents of the pleading are too vague to compose an adequate response. Fed. R. Civ. P. 12(e). However, such motions "are not favored by the courts." SV Int'l, Inc. v. Fu Jian Quanyu Indus. Co., Ltd., 820 F.Supp.2d 677, 693 (M.D.N.C. 2011) (quoting Innovative Digital Equip., Inc. v. Quantum Tech., Inc., 597 F.Supp. 983, 989 (N.D.Ohio 1984)). Thus, "[w]here a party has enough information to frame an adequate answer, a court should deny the Rule 12(e) motion and avoid delay in maturing the case." Doe v. Bayer Corp., 367 F.Supp.2d 904, 917 (M.D.N.C. 2005) (citing Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973)). Because the results would be the same under this analysis as they are under Rule 12(c), this Court will treat the Motion as one under 12(c).

- 3 -

Mr. Orshal argues that, because Bodycote's "affirmative defenses state mere conclusions and fail to satisfy the minimum notice pleading standards of FRCP 8, plaintiff respectfully moves for partial judgment on the pleadings as to the affirmative defenses . . ." (Pl.'s Br. [Doc. #13] at 1-2.)  Ultimately, Mr. Orshal asserts that, "[t]he challenged defenses should be dismissed with prejudice and without leave to amend because there can be no good cause showing for amendment and amendments would be futile in several instances."[6] (Id. at 17.)

Mr. Orshal urges this Court to apply the plausibility standard articulated by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) in evaluating whether or not Bodycote's affirmative defenses are adequately stated. (See Pl.'s Br. [Doc. #13] at 2-3.)  District courts that have considered the propriety of applying Iqbal and Twombly to affirmative defenses have come to differing conclusions. Compare, e.g., Alston v. Equifax Info. Servs., LLC, No. GLR–13–934, 2014 WL 580148, at *2 (D. Md. Feb. 11, 2014) (unpublished) (finding affirmative defenses must meet Twombly and Iqbal and noting that "neither the Supreme Court nor any U.S. Courts of Appeals have addressed this issue"), with Narbona v. Micron Precision LLC, No. 3:14–cv–00060–MOC–DSC, 2014 WL 1875038, at *1 (W.D.N.C. May

_____

[6] As an initial matter, in its Memorandum in Opposition ([Doc. #15] at n.2), Bodycote withdraws its second, thirteenth, fourteenth, and seventeen defenses. This Court will allow Bodycote to withdraw these defenses pursuant to this Order.

9, 2014) (unpublished) (finding that "the Iqbal/Twombly standard has no

application to affirmative defenses").

    Neither the Fourth Circuit nor any other circuit has addressed the

applicability of Twombly and Iqbal's heightened pleading standard to affirmative

defenses.  In this District, some courts considering the matter ultimately addressed

the motions without resolving the pleading standard issue.  See Espinoza v. Mex-

Am Cafe, LLC, 2015 WL 5431949, at *5 (M.D.N.C. 2015); Izzard v. Credit

Financial Services, Inc., 2014 WL 1330548 (M.D.N.C. 2014); Staton v. North

State Acceptance, LLC, 2013 WL 3910153 (M.D.N.C. 2013).  Other courts in the

Middle District have declined to extend Twombly and Iqbal to affirmative defenses

given the language of Rule 8 of the Federal Rules of Civil Procedure and existing

Fourth Circuit authority. See Keith Bunch Associates, LLC v. La-Z-Boy Inc., 2015

WL 4158760 (M.D.N.C. 2015);  Guessford v. Pa. Nat'l Mut. Cas. Ins. Co., 918

F.Supp.2d 453, 468 (M.D.N.C. 2013).  With no circuit guidance and, consistent

with courts in this District which have ruled, Iqbal and Twombley will not be

applied to affirmative defenses in this case. In Clem v. Corbeau, the Fourth Circuit

held that "[a]n affirmative defense may be pleaded in general terms and will be

held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the

defense." Clem v. Corbeau, 98 F. App'x 197, 203 (4th Cir. 2004) (per curiam)

(quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §

1274 (2d ed.1990)).

Presently for consideration are Bodycote's first, third, fourth, fifth, sixth, seventh, ninth, tenth, eleventh, twelfth, sixteenth, and eighteen defenses. Bodycote's first defense is a recitation of 12(b)(6), simply stating that "Plaintiff's Complaint fails, in whole or in part, to state claims for which relief can be granted." (Ans. [Doc. #8] at 8.) In addressing the same defense on a motion to strike, another court in this district declined to strike the defense. See Izzard, 2014 WL 1330548, at *2-3 (Auld, MJ) (choosing not to strike defense because the court would not act on the defense without a proper motion and the defense may be raised any time up to trial pursuant to Fed. R. Civ. P. 12(h)(2)). Accordingly, this Court will not grant Mr. Orshal's Motion as to Bodycote's first defense.

Bodycote's third defense addresses offsets for mitigation and failure to mitigate. (Ans. [Doc. #8] at 8.) Mr. Orshal has pleaded causes of action under both the ADEA and FLSA. "An ADEA plaintiff has a general duty to mitigate his damages by seeking other available employment with reasonable diligence." Fariss v. Lynchburg Foundry, 769 F.2d 958, 966 (4th Cir. 1985). "Although cursory defenses are usually insufficient, the failure to mitigate defense will not be stricken considering that Defendant is not in a position at this stage to know the steps Plaintiff took to mitigate damages." Long v. Welch & Rushe, Inc., 28 F. Supp. 3d 446, 465 (D. Md. 2014) (finding the defense adequately stated under the heighted Iqbal/Twombly standard). Bodycote's failure to mitigate defense is sufficient to put Mr. Orshal on notice with regard to his ADEA claim. However, this is not the

case for Mr. Orshal's FLSA claim.  This Court previously addressed the same issue and struck a failure to mitigate defense in the FLSA context finding that there is no duty to mitigate an FLSA claim. Espinoza, 2015 WL 5431949, at *6. See, e.g. Rodriguez v. Physician Lab. Servs., LLC., No. & ;13−CV−622, 2014 WL 847126, at *3 (S.D. Tex. Mar. 4, 2014) (unpublished) ("courts routinely find as a matter of law that the FLSA does not require employees to mitigate damages . . . It would be odd, for instance, to require underpaid employees to work extra hours to offset unpaid wages."); Cava v. Tranquility Salon & Day Spa, Inc., No. 13−CV− 1109(JS)(ARL), 2014 WL 655372, at *4−5 (E.D.N.Y. Feb. 20, 2014) (unpublished) ("[The plaintiff] seeks compensation for past legally required wages. It is unclear how one could mitigate such damages . . . [t]his defense is wholly immaterial and improperly suggests a duty that is not applicable to Plaintiff.") Therefore, this Court will grant Mr. Orshal's motion with regard to Bodycote's third defense only as it applies to Mr. Orshal's FLSA claim.

Bodycote's fourth defense is based on the after-acquired evidence doctrine. The after-acquired evidence doctrine acts to limit an employer's liability for damages in an unlawful discharge case when evidence discovered after an employee's termination would have led to that employee being fired had the company known of it earlier. Deltek, Inc. v. Department of Labor, Administrative Review Bd., 2016 WL 2946570, at *9 (4th Cir. 2016).  In order to successfully interpose an after-acquired evidence defense, an employer "must first establish

that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." Russell v. Microdyne Corp., 65 F.3d 1229, 1238 (4th Cir. 1995). Although Bodycote cites no arguably terminable conduct to support the invocation of the doctrine presently, the defense as stated meets the pleading standard of Rule 8. Mr. Orshal is on notice that Bodycote may assert the after-acquired evidence doctrine as a defense if evidence obtained during discovery would support it.

The remaining defenses (fifth, sixth, seventh, ninth, tenth, eleventh, twelfth, sixteenth, and eighteenth) also meet the pleading standard of Rule 8. While Bodycote's defenses are not accompanied by extensive facts, they do give Mr. Orshal notice of a legal defense Bodycote may develop through discovery. The fifth and sixth defenses both address potential affirmative defenses to Mr. Orshal's discrimination claim. Bodycote's seventh defense alleges that Mr. Orshal was exempt from FLSA requirements. The exemption status of an employee "is a matter of affirmative defense on which the employer has the burden of proof." Clark v. J.M. Benson Co., 789 F.2d 282, 286 (4th Cir. 1986) (quoting Corning Glass Works v. Brennan, 417 U.S. 188, 196−97 (1974)). Thus, Bodycote is correct in alleging it as such. Likewise, Bodycote's ninth defense provides notice of Bodycote's possible defense that some of Mr. Orshal's time is not compensable. Bodycote's tenth, eleventh, and twelfth defenses all assert good faith FLSA

defenses. The tenth defense includes a defense to liquidated damages, the eleventh defense includes a look back period timeframe, and the twelfth defense states a good faith reliance defense. All three are affirmative defenses to FLSA violations and give fair notice to Mr. Orshal.

Bodycote's sixteenth and eighteenth defenses both address punitive damages. "[T]he ADEA does not provide for punitive damages." Williams v. Guilford Technical Community College Bd. of Trustees, 117 F. Supp. 3d 708, 716 (M.D.N.C. 2015) (citing Fariss v. Lynchburg Foundry, 769 F.2d 958, 967 n. 11 (4th Cir.1985); 29 U.S.C. § 626). Likewise, courts in this district have found that punitive damages may not be recovered for a violation of the FLSA. See Lanza v. Sugarland Run Homeowners Assoc. Inc., 97 F.Supp.2d 737, 742 (E.D. Va. 2000) ("where, as here, the statute [§ 216(b) of the FLSA] makes no explicit mention of punitive damages and the remedial scheme makes clear that the right afforded to aggrieved employees is compensatory in nature, courts may not engraft punitive damages onto the statute.") However, because Mr. Orshal requests "punitive damages as appropriate" in his Complaint ([Doc. #4] at 7) and neither party addressed this issue in briefing, Mr. Orshal's motion as to Bodycote's sixteenth and eighteenth defenses regarding such damages will not be granted at this time.

## IV.

For the reasons stated herein, Plaintiff's Motion for Partial Summary Judgment on the Pleadings or, in the alternative, Motion for More Definite

Statement [Doc. #12] is **GRANTED IN PART**, and **DENIED IN PART**.  It is

**GRANTED** as to Defendant's Third Defense as it relates to FLSA failure to mitigate

damages.  Plaintiff's Motion is **DENIED** as to Defendant's remaining defenses.  In

addition, Defendant's request to withdraw its second, thirteenth, fourteenth, and

seventeenth defenses is **GRANTED**.

This the 26th day of July, 2016.


/s/ N. Carlton Tilley, Jr.
Senior United States District Judge